MERCEDES CABANILLAS, Plaintiff, Cross-Defendant, and Appellant, *v.* JOSÉ R. GELPÍ, Defendant, Cross-Claimant, and Appellee.

No. 9215. Argued February 15, 1946.—Decided April 24, 1946.

*José Sabater* for appellant. *José Rosario Gelpí, in pro. per.,* and *Pedro Baigés Gómez* for appellee.

Mr. Justice Córdova delivered the opinion of the court.

The appellant brought an action of denial of servitude of passage. The appellee answered and set up his acquisition of the right of way by immemorial use long before 1889.[1] The evidence showed that in 1870 the predecessors in interest of the appellee were already using the easement, and that the appellee and his predecessors have been using it ever since that time. The lower court rendered judgment for the defendant, holding that the appellee had acquired the easement by use from time immemorial, and adjudged the appellant to pay $800 as attorney's fees.

The appellant urges that the lower court erred in deciding that the appellee is entitled to the easement by immemorial use and in adjudging her to pay attorney's fees.

■■ The general rule, established by § 475 of the Civil Code (1930 ed.), is that a right of way can not be acquired by prescription. *Miner* v. *Irizarry,* 52 P.R.R. 197; *Nadal* v. *Muratti,* 34 P.R.R. 244; *Villodas* v. *Hartmann & Co.,* 28 P.R. R. 737; *Díaz* v. *Vázquez,* 19 P.R.R. 1094; *Cividanes* v. *Amorós Hermanos,* 8 P.R.R. 558. Inasmuch as prior to 1889, when the Civil Code took effect, a servitude of passage could be acquired by use from time immemorial under the law then in force, namely, Partida III, tit. 31, law 15, the general rule which we have just reiterated is not applicable to cases of immemorial use prior to 1889. *Stella* v. *Blasini,* 61 P.R.R. 360; *Cabanillas* v. *Gelpí,* 61 P.R.R. 288; *Nido & Co.* v. *Albir Alicea,* 27 P.R.R 32.

The appellant contends that in order that immemorial use may serve as a basis for the question of a right of way it is necessary to establish that in 1889, when the Civil Code became effective, the right to the easement had already been consolidated by immemorial prescription. If it were so, there is no doubt that the evidence for the appellee would be insufficient to establish an immemorial use, since the user

---

[1] We have already held in *Cabanillas* v. *Gelpí,* 61 P.R.R. 288, that the answer set up a sufficient defense.

proved dates only from 1870, and that time was certainly not immemorial in 1889.

The contention of the appellant, however, is refuted by the clear provisions of § 1839 of the Civil Code (1930 ed.), which reads thus:

"Prescriptions, which began to run before the publication of this Code, shall be governed by the prior laws; but if, after this Code became operative, all the time required in the same for prescription has elapsed, it shall be effectual, even if according to said prior laws a longer period of time may be required."

It was not necessary, therefore, for the appellee to prove that in 1889 he had already acquired the easement by immemorial use. It was enough to establish that the user began before the Code took effect in 1889 in order that, under the Section just quoted, the law in force prior to the enactment of the Code might be applicable to the case. We tacitly so held in *Stella* v. *Blasini, supra,* where the point now made by the appellant was not raised or discussed, but it was decided that once the use of a right of way since the year 1868 to a date subsequent to 1937 has been established, the right to the easement is acquired by prescription under the law in force prior to the promulgation of the Civil Code. To the same effect is the holding of the Supreme Court of Spain in constructing § 1939 of the Spanish Civil Code, similar to § 1839 of our Code, in its judgment of January 7, 1920 (149 J. C. 36), which in its pertinent part reads as follows:

"Even assuming that prescription began to run but did not mature during the time the prior law was in force, the contention of the appellant could not prevail either, for according to § 1939 of the Civil Code, prescription which began to run before the publication of that Code shall be governed by the prior law; and since there is no doubt that in the case at bar the prescriptive period had already commenced, it must be concluded that the lower court acted correctly in applying the prior law for the purpose of determining the question regarding the acquisition of the easement by prescription, and hence the objections relating to the violations of

the first transitory provision of the Code and of Partida III, tit. 31, law 15, which are set forth in the first ground of appeal, must be dismissed."

In the instant case, the appellee definitely proved that his predecessors in interest had begun to use the easement in question long before 1889. Prescription thus started is governed, according to § 1839 of the Civil Code, by Partida III, tit. 31, law 15. Applying that law, which provides that a right of way may be acquired by immemorial use, we find that the appellee proved, at the trial held in 1944, that the easement was being used in 1870, by introducing the testimony of several old men whose memory reached back to that time and who did not remember when the use began. Thus was established the user from time immemorial, as defined by the law we have cited, that is, "... during so long a time that the memory of man runneth not to the contrary." Hence the lower court did not err in holding that the appellee had acquired the right of way by prescription.

We agree with the appellant, however, that the lower court erred in considering the appellant as obstinate and consequently adjudging her to pay attorney's fees. As we have seen, the case hinged upon a question of law which had not been expressly decided in Puerto Rico and as to which we have been unable to find any case in point or commentaries outside of Puerto Rico with the exception of the judgment of the Supreme Court of Spain of January 7, 1920. The appellant should not be deemed obstinate because she has acted on the basis of an interpretation of the law which now turns out to be erroneous.

The judgment appealed from is modified by striking therefrom the provision adjudging the appellant to pay attorney's fees, and as so modified, the judgment is affirmed.